UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EVERETT COX #235218,

        Plaintiff,                        Case No. 2:08-cv-82

v.                                          Honorable Robert Holmes Bell

RICHARD B. STAPLETON, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

      I.      Factual allegations

Plaintiff Everett Cox, an inmate at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Hearing Administrator Richard B. Stapleton, Law Librarian J. Brouchard, Assistant Resident Unit Supervisor Lincoln Marshall, Resident Unit Officer J. Tremble, Resident Unit Officer T. Meyers, Deputy Warden Linda Tribley, Warden Gregory McQuiggin, Hearing Investigator Steve Raymond, Hearing Investigator Julie Green, Law Librarian Mary Aho, Nancy Hulkoff, R.N., Health Unit Manager Gloria Hill, Rich Miller, L.P.N., Nurse Practitioner Jerri Ekman, Cathy Williams, R.N., Nurse Supervisor Betty Kotila, Unknown AMF Inspector, Unknown Dentist, Unknown Dental Assistant, and Resident Unit Officer R. Hocking.

Plaintiff alleges in his complaint that Defendants Stapleton, Brouchard, Marshall, Tremble, Meyers, Tribley, McQuiggin, Raymond, Green, Aho and Hocking maliciously placed Plaintiff on a law book restriction, inhibiting his ability to do research on pending and contemplated litigation. Plaintiff also claims that Defendants Hulkoff, Hill, Miller, Ekman, Williams, Kotila, Unknown AMF Inspector, Unknown Dentist, and Unknown Dental Assistant willfully denied Plaintiff medical treatment to various degrees and / or at various times because of a desire to discriminate against Plaintiff for his homosexual lifestyle. Between May 10, 2006, and September 18, 2006, Plaintiff kited at least three times for treatment of a sexually transmitted disease (STD) which he contracted prior to being incarcerated. Between February 2, 2007, and March 29, 2007, Plaintiff kited at least seven times for treatment of the STD, asthma, and a back injury he incurred from falling during an asthma attack. On March 27, 2007, Plaintiff kited Defendant Hill regarding his medical problems, to no avail. On March 29, 2007, Defendant Ekman told Plaintiff

to lie down on the examination table so she could see his "big black penis." Plaintiff refused and Defendant Ekman told him that he would not get any medical treatment from any other nurse. Plaintiff submitted a grievance regarding this incident, which was denied at all three steps.

On June 1, 2007, Plaintiff was seen by Defendant Williams, who asked to see Plaintiff's "pecker." Plaintiff showed her his penis and Defendant Williams stated that she did not see any bumps or bleeding. Defendant Williams advised Plaintiff to stop lying on health care kites, and told Plaintiff that if he stopped masturbating, he would not have those problems. On June 4, 2007, Plaintiff filed a grievance, which was denied at all three steps. On July 12, 2007, Plaintiff kited Defendant Unknown Dentist regarding pain and bleeding gums. Defendants Unknown Dentist and Dental Assistant denied Plaintiff treatment for approximately four months, during which time Plaintiff suffered pain while eating and when in the cold. On May 20, 2007, Defendant Hocking packed Plaintiff's property so that he could be moved to another cell. Days later, when Plaintiff got his property back, the following items were missing: shower shoes, personal eyeglasses, boxer shorts, soaps and toothpaste. In addition, Defendant Hocking arbitrarily denied Plaintiff his evening meal. Sometime between May 23, and May 26, 2003, Defendant Hocking told Plaintiff that he had just gotten even for what Plaintiff did to "that room." Plaintiff claims that Defendant Hocking's conduct was motivated by a desire to retaliate against him for writing a grievance. Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal

Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff states that he did not receive adequate medical care in violation of the Eighth Amendment. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer*, 62 F.3d at 154-55; *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received

inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976); *see also*, *Brock v. Crall*, No. 00-5914, 2001 WL 468169, at *2 (6th Cir. Apr. 27, 2001); *Jones v. Martin*, No. 00-1522, 2001 WL 223859, at *1 (6th Cir. Feb. 28, 2001); *Williams v. Mattson*, No. 99-1796, 2000 WL 924145, at *1 (6th Cir. June 28, 2000); *Davis v. Ulep*, No. 97-2124, 1999 WL 98390, at *1 (6th Cir. Jan. 29, 1999); *Cain v. Huff*, No. 96-1613, 1997 WL 377029, at * 4 (6th Cir. July 2, 1997); *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at * 2 (6th Cir. Apr. 4, 1997). In this case, Plaintiff concedes that he was examined by Defendant Williams, who did not observe any symptoms of an STD. Plaintiff fails to allege that he suffered any injury as a result of this conduct. In addition, in the opinion of the undersigned, Plaintiff's claim that Defendants Unknown Dentist and Dental Assistant denied Plaintiff treatment for approximately four months, during which Plaintiff suffered pain while eating and in the cold does not rise to the level of an Eighth Amendment violation. Plaintiff can not show an Eighth Amendment violation because he has not alleged that his problems were so severe that delays caused significant harm and that Defendants should have known this to be the case: "[D]elay in providing a prisoner with dental treatment, standing alone, does not constitute an eighth amendment violation." *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (*citing Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989)). Therefore, the undersigned recommends dismissal of Plaintiff's Eighth Amendment claims.

Plaintiff claims that the law book restriction violated his right of access to the courts. In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court recognized a prisoner's fundamental right of access to the courts. While the right of access to the courts does not allow a State to prevent

an inmate from bringing a grievance to court, it also does not require the State to enable a prisoner to discover grievances or litigate effectively. *Lewis v. Casey*, 518 U.S. 343 (1996). Thus, *Bounds* did not create an abstract, free-standing right to a law library, litigation tools, or legal assistance. *Id.* at 351 (1996). Further, the right may be limited by legitimate penological goals, such as maintaining security and preventing fire or sanitation hazards. *See Acord v. Brown*, No. 91-1865, 1992 WL 58975 (6th Cir. March 26, 1992); *Hadix v. Johnson*, No. 86-1701, 1988 WL 24204 (6th Cir. March 17, 1988); *Wagner v. Rees*, No. 85-5637, 1985 WL 14025 (6th Cir. Nov. 8, 1985).

To state a claim, an inmate must show that any shortcomings in the library, litigation tools, or legal assistance caused actual injury in his pursuit of a legal claim. *Lewis*, 518 U.S. at 351; *Talley-Bey*, 168 F.3d at 886; *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). An inmate must make a specific claim that he was adversely affected or that the litigation was prejudiced. *Vandiver v. Niemi*, No. 94-1642, 1994 WL 677685, at *1 (6th Cir. Dec. 2, 1994). Particularly, an inmate cannot show injury when he still has access to his legal materials by request, *Kensu*, 87 F.3d at 175, when he fails to state how he is unable to replicate the confiscated documents, *Vandiver*, 1994 WL 677685, at *1, or when he could have received the material by complying with the limits on property, e.g., where he had the opportunity to select the items that he wanted to keep in his cell, or when he had an opportunity to purchase a new footlocker that could hold the property. *Carlton v. Fassbender*, No. 93-1116, 1993 WL 241459, at *2 (6th Cir. July 1, 1993). In this case, Plaintiff fails to allege such an injury. Therefore, Plaintiff's access to courts claims lack merit.

Plaintiff claims that Defendants deprived him of his property, thereby violating his Fourteenth Amendment due process rights. The Due Process Clause does not prohibit deprivation of property by the state; instead it prohibits such deprivations without *due process of law*. *Parratt*

*v. Taylor*, 451 U.S. 527, 537 (1981), overruled in part on other grounds *Daniels v Williams*, 474 U.S. 327 (1986).

A plaintiff alleging infringement of property rights must show that the deprivation was caused by action taken pursuant to established state procedures. *Hudson v. Palmer*, 468 U.S. 517, 532 (1984); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-436 (1982). Plaintiff herein fails to make the required distinction between challenging the "established state procedure" itself and the failure of the state employee to follow that procedure. *Id*. If the official performing the state procedure fails to follow the state procedure or conform his conduct to state law, the plaintiff's injury is the result of a "random and unauthorized act" which the state was unable to foresee and thus prevent. In *Parratt*, the Supreme Court held that no procedural due process violation occurs when the deprivation is the result of a "random and unauthorized act," unless the state failed to provide the plaintiff with an "adequate post-deprivation remedy."

> Application of the principles recited above to this case leads us to conclude the respondent has not alleged a violation of the Due Process Clause of the Fourteenth Amendment. Although he has been deprived of property under color of state law, the deprivation did not occur as a result of some established state procedure. Indeed, the deprivation occurred as a result of the unauthorized failure of agents of the state to follow established state procedure. There is no contention that the procedures themselves are inadequate nor is there any contention that it was practicable for the State to provide a predeprivation hearing. Moreover, the State of Nebraska has provided respondent with the means by which he can receive redress for the deprivation.

*Parratt*, 451 U.S. at 543.

The Sixth Circuit has held that in procedural due process claims brought pursuant to 42 U.S.C. § 1983, the "Parratt doctrine" allows dismissal where the state provides an adequate postdeprivation remedy if:

> 1) the deprivation was unpredictable or "random"; 2) predeprivation process was impossible or impracticable; and 3) the state actor was not authorized to take the action that deprived the plaintiff of property or liberty.

*Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995); *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416-417 (6th Cir. 1996). In cases where these conditions are present, "a procedural due process claim will not be stated unless the plaintiff pleads and proves that his available state remedies are inadequate to redress the wrong." *Copeland*, 57 F.3d at 479; *Pilgrim*, 92 F.3d at 417.

Plaintiff in this case has not demonstrated the absence of adequate state remedies for Defendants' alleged misconduct. Plaintiff allegedly filed a grievance regarding Defendants' behavior, which he appealed through Step III. See MDOC PD 03.02.130(A)-(LL). However, Plaintiff also had a right to pursue a claim through the Prisoner Benefit Fund per Policy Directive 04.02.110 for reimbursement of his lost property. Prisoners may also pursue claims of up to $1,000 through the State Administrative Board, or through the courts if over $1,000. See Policy Directive 04.07.112. The fact that the remedies provided by the state do not provide all the relief which may be available under 42 U.S.C. § 1983 does not mean that the state remedies are ineffective. *Parratt*, 451 U.S. at 544. Therefore, pursuant to *Parratt*, Plaintiff's due process claims should be dismissed.

Plaintiff claims that Defendants acted in retaliation because of various grievances filed by Plaintiff. The filing of grievances is constitutionally-protected conduct for which a prisoner cannot be retaliated against. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, in least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc).

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (N.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985). "Merely alleging the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. Conclusory allegations of retaliatory motive "with no concrete and relevant particulars" fail to raise a genuine issue of fact for trial. *Salstrom v. Sumner*, No. 91-15689, 1992 WL 72881, at *1 (9th Cir. April 10, 1992); *see also Birdo v. Lewis*, No. 95-5693, 1996 WL 132148, at *1 (6th Cir. March 21, 1996); *Fields v. Powell*, No. 94-1674, 1995 WL 35628, at *2 (6th Cir. Jan. 30, 1995); *Williams v. Bates*, No. 93-2045, 1994 WL 677670, at *3 (6th Cir. Dec. 2, 1994). Plaintiff merely alleges the ultimate fact of retaliation in this action. He has alleged no facts to support his conclusion that Defendants conduct was motivated by the fact that Plaintiff had filed grievances. Accordingly, his speculative allegations fail to state a claim.

Plaintiff claims that Defendants discriminated against him because of his homosexuality. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). Plaintiff's allegations on this point are wholly conclusory. Plaintiff merely states that he is being treated differently because he is a homosexual. Plaintiff provides no specific factual allegations to support his contention. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Lillard v. Shelby County Bd. of Educ.*, 76 F .3d 716, 726 (6th Cir.1996); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir.1986); *Smith v.*

*Rose*, 760 F.2d 102, 106 (6th Cir.1985); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000), *cert. denied*, 121 S. Ct. 1616 (2001).

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

  /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   May 15, 2008

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).